PETERSON, Judge,
dissenting.
I would vacate the judgment and remand for a new trial because of an evidentiary error. Senco Products, Inc. (Senco) was allowed to admit as evidence a signed statement given by Pawlendzio to an investigator for the employer’s worker’s compensation carrier. The statement was given several weeks after Pawlendzio discharged a *735 nail into his thumb while operating a pneumatic nail gun manufactured by Senco. Pawlendzio’s statement did not indicate that the nail gun may have malfunctioned but that Pawlendzio missed the correct nailing position.
Pawlendzio’s objection to the use of the statement was that he was not furnished with a copy of it at the time he made the statement pursuant to section 92.33, Florida Statutes (1987), which provides in part:
92.33 Written statement concerning injury to person or property; furnishing copies; admission as evidence.—
******
No written statement by an injured person shall be admissible in evidence or otherwise used in any manner in any civil action relating to the subject matter thereof unless it shall be made to appear that a true and complete copy thereof was furnished to the person making such statement at the time of the making thereof, or, if it shall be made to appear that thereafter a person having possession of such statement refused, upon request of the person who made the statement or his personal representatives, to furnish him a true and complete copy thereof.
Senco responded by urging that it had provided Pawlendzio a copy in 1989, almost two years before trial, and that this should cure the initial error. It is also urged that through section 90.102, Florida Statutes (1987), section 90.608, Florida Statutes (1987), supersedes section 92.33 and that, under section 90.608, Senco can attack the credibility of a witness by “introducing statements of the witness which are inconsistent with his present testimony.”
I believe that section 92.33 sets forth a narrow, specific exclusionary rule established by the legislature as a sanction for noncompliance with its requirement that injured persons be given a copy of their statements concerning their injuries. This procedure would allow any errors that may have been made in the reports to be corrected promptly and would diminish the possibility of accusations that unauthorized additions were later made to the reports.
The plain language of the statute which excludes the report from evidence should have been followed. I do not agree with the argument that it was harmless error to admit the statement because another admissible statement by Pawlendzio also did not mention any malfunction of the nail gun. The statement that should not have been admitted into evidence contained language substantially more harmful to Paw-lendzio’s case than did the second statement and may have affected the jury’s decision.